# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 28, 2015

Lyle W. Cayce
Clerk

No. 14-40423

JOHN E. VILLEGAS; BFG INVESTMENTS, L.L.C.; BFG DEVELOPMENT, INCORPORATED,

Plaintiffs-Appellants

v.

MICHAEL B. SCHMIDT, Trustee,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before STEWART, Chief Judge, and SOUTHWICK and COSTA, Circuit Judges.

LESLIE H. SOUTHWICK, Circuit Judge:

The plaintiffs appeal from the district court's dismissal of their action against a bankruptcy trustee. The court held that it was necessary to obtain leave from the bankruptcy court before bringing such a suit. We AFFIRM.

## FACTS AND PROCEDURAL BACKGROUND

In 2005, BFG Investments, acting through its president, John Villegas, filed for bankruptcy. Michael Schmidt was appointed as the bankruptcy trustee and conducted the liquidation of BFG's estate. The bankruptcy case

No. 14-40423

was closed in November 2009 and Schmidt's fees were approved.  There was no appeal from the bankruptcy court's final approval of Schmidt's fees.

Four years later, in October 2013, Villegas and BFG ("plaintiffs") filed suit against Schmidt under 28 U.S.C. § 1334(c), which provides that district courts may hear proceedings "arising under title 11 or arising in or related to a case under title 11."[1]  The plaintiffs alleged that Schmidt committed gross negligence and breached his fiduciary duty while acting as trustee of BFG by failing to pursue an action against Nationwide Insurance.  They asserted that Nationwide had issued an insurance policy worth $10 million to BFG, which would have covered many of the creditors' claims against it; Nationwide denied that it had issued such a policy.  According to the plaintiffs, Schmidt's failure to pursue BFG's claim against Nationwide for coverage under that policy depleted the estate and deprived the plaintiffs of property.

The district court dismissed the case on Schmidt's motion because the plaintiffs failed to obtain leave from the bankruptcy court that appointed Schmidt as the bankruptcy trustee before filing suit against him.  The plaintiffs appealed.

DISCUSSION

"We review de novo a district court's Rule 12(b)(6) dismissal of a complaint."  *Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 638 (5th Cir. 2007).  The Supreme Court has held that, "before suit is brought against a receiver leave of the court by which he was appointed must be obtained."

---

[1] Section 1334(c) also provides that "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

No. 14-40423

*Barton v. Barbour*, 104 U.S. 126, 128 (1881).  We have applied this principle to bankruptcy trustees, as have other circuits addressing the issue.  *See Anderson v. United States*, 520 F.2d 1027, 1029 (5th Cir. 1975); *McDaniel v. Blust*, 668 F.3d 153, 156-57 (4th Cir. 2012) (collecting cases).

The plaintiffs argue that what has become known as the *Barton* doctrine does not apply in this case for two reasons.  First, they contend that the Supreme Court, in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), effectively created an exception to the *Barton* doctrine, and that that exception applies here.  Second, they argue that the *Barton* doctrine does not apply when a party brings suit in the district court that exercises supervisory authority over the bankruptcy court that appointed the trustee.

## I.     *Whether* Stern *creates an exception to the* Barton *doctrine.*

In *Stern*, the Court held that bankruptcy courts lack constitutional authority to enter final judgment on state-law counterclaims unless they "stem[] from the bankruptcy itself or would necessarily be resolved in the claims allowance process."  *Id.* at 2618. [2]  The plaintiffs argue that the *Barton* doctrine does not apply to "*Stern* claims" over which the bankruptcy court lacks final adjudicative authority.  They further contend that their negligence and fiduciary duty claims against Schmidt are such claims.  We conclude that the *Barton* doctrine continues to apply regardless of whether the plaintiffs' claims qualify as *Stern* claims, for two reasons.

---

[2] In *Stern*, the Court held that the Bankruptcy Act of 1984 violated the Constitution "in one isolated respect" by authorizing bankruptcy courts to decide claims against creditors for acts committed in their private capacities before the institution of bankruptcy proceedings.  *See id.* at 2612, 2620.  In this case, the plaintiffs' claims relate to Schmidt's actions in his representative capacity during the administration of the estate.

No. 14-40423

First, the Supreme Court has directed appeals courts to abstain from concluding that one of the Court's later cases has, by implication, limited or overruled one of its earlier cases. *Agostini v. Felton*, 521 U.S. 203, 237 (1997). The plaintiffs' claim that *Stern* silently limits *Barton* is exactly the sort of limitation-by-implication the Court prohibits. Because the *Barton* doctrine is directly applicable to this case, we must apply that doctrine and allow the Court to impose, or decline to impose, limitations based on *Stern*. Second, the Court has recently suggested that *Stern* would not, in fact, limit the *Barton* doctrine when it stated that "*Stern* did not . . . decide how bankruptcy or district courts should proceed when a '*Stern* claim' is identified." *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2168 (2014).[3]

We are not called upon in this case to provide all the details regarding how a party should, post-*Stern,* proceed under *Barton.* We hold only that a party must continue to file with the relevant bankruptcy court for permission to proceed with a claim against the trustee. If a bankruptcy court concludes that the claim against a trustee is one that the court would not itself be able to resolve under *Stern,* that court can make the initial decision on the procedure to follow. Once a bankruptcy court makes such a determination, this court can review the utilized procedure.

II.    *Whether* Barton *is inapplicable when a party brings suit in the court with supervisory authority over the bankruptcy court.*

The plaintiffs also argue that the *Barton* doctrine does not apply when a party brings suit in the court that exercises supervisory authority over the

---

[3] We discover nothing in the most recent Supreme Court discussion of *Stern* to alter this analysis. *See Wellness Intern. Network, Ltd. v. Sharif,* --- S. Ct. ----, 2015 WL 2456619 (May 26, 2015).

bankruptcy court that appointed the trustee.  The only authority the plaintiffs cite for this argument is *In re Harris*, 590 F.3d 730 (9th Cir. 2009).  There, the Ninth Circuit held that the *Barton* doctrine does not apply when a case against a trustee is removed from state court to the appointing bankruptcy court.  *See id.* at 742.  The court reasoned that the appointing court could not invoke *Barton* because the doctrine "denies subject matter jurisdiction to all forums *except* the appointing court."  *Id.*  Nothing in the opinion suggests that "appointing court" should be construed to include the court with supervisory authority over the appointing court.  In fact, the Ninth Circuit Bankruptcy Appellate Panel explicitly rejected this interpretation in an earlier opinion. *See In re Kashani*, 190 B.R. 875, 885 (9th Cir. BAP 1995).  The Ninth Circuit has cited *Kashani* favorably without suggesting it overrules or limits *Harris*. *See In re Crown Vantage, Inc.*, 421 F.3d 963, 970 (9th Cir. 2005); *In re Castillo*, 297 F.3d 940, 946 (9th Cir. 2002).

Additionally, every other circuit to address the issue has maintained the distinction between the bankruptcy court and the district court, holding that "a debtor must obtain leave of the bankruptcy court before initiating an action in district court when the action is against the trustee or other bankruptcy-court-appointed officer, for acts done in the actor's official capacity."  *Carter v. Rodgers*, 220 F.3d 1249, 1252 (11th Cir. 2000) (collecting cases).

We reject the plaintiffs' argument that *Barton* is satisfied by filing suit in the district court with supervisory authority over the bankruptcy court.

AFFIRMED.