**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2335**

JOSEPH J. PFOHL, Executor of the Estate of Bernice C. Pfohl; EDWARD BARTELS, Executor of the Estate of Jeanne E. Bartels,

Plaintiffs – Appellees,

and

JEANNE E. BARTELS, by and through William H. Bartels, Attorney-in-Fact; CLAIRE M. MURPHY, by and through Michele Mullen, Attorney-in-Fact,

Plaintiffs,

v.

SABER HEALTHCARE GROUP, LLC; SABER HEALTHCARE HOLDINGS, LLC; FRANKLIN OPERATIONS, LLC, d/b/a Franklin Manor Assisted Living Center; SMITHFIELD EAST HEALTH HOLDINGS, LLC, d/b/a Gabriel Manor Assisted Living Center; QUEEN CITY AL HOLDINGS, LLC, d/b/a The Crossings at Steele Creek,

Defendants – Appellants.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, Chief District Judge.  (5:16-cv-00283-BO)

Argued:  May 9, 2019                     Decided:  August 12, 2019

Before DIAZ, FLOYD, and RICHARDSON, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

_____

**ARGUED:** Scott Elliott Bayzle, PARKER, POE, ADAMS & BERNSTEIN, LLP, Raleigh, North Carolina, for Appellants. Stephen Jay Gugenheim, GUGENHEIM LAW OFFICES, PC, Raleigh, North Carolina, for Appellees. **ON BRIEF:** Jeremy R. Williams, Matthew E. Lee, WHITFIELD, BRYSON & MASON, LLP, Raleigh, North Carolina; Andrew D. Hathaway, KROMPECHER LAW FIRM, Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case is before us for a second time. And, once again, the issue is whether the case should proceed in state or federal court. In our prior decision, we instructed the district court to treat the enforceability of a forum-selection clause signed by one defendant against the other non-signatory defendants as an affirmative defense to removal, with the burden of proof on the plaintiffs. *Bartels ex rel. Bartels v. Saber Healthcare Group, LLC*, 880 F.3d 668 (4th Cir. 2018) (*Bartels I*). On remand, the district court did not treat the clause as an affirmative defense subject to proof by a preponderance of the evidence, but instead remanded to state court based on a mere *prima facie* showing of enforceability. Therefore, we vacate and remand with instructions for the district court to make factual findings under the correct standard.

## I.

The plaintiffs are elderly nursing home patients who allege mistreatment in a class action lawsuit against Ohio company Saber Healthcare Holdings, LLC (Saber Holdings) and four of its wholly owned subsidiaries, whom the plaintiffs refer to as "Saber" or the "Saber defendants." The plaintiffs allege that the defendants understaffed their facilities and provided substandard care in order to profit at the expense of their elderly residents.

As relevant here, Saber Holdings owns three assisted living facilities in North Carolina: Franklin Manor Assisted Living Center (Franklin Manor), which is operated by Franklin Operations, LLC (Franklin Operations); Gabriel Manor Assisted Living Center, which is operated by Smithfield East Health Holdings, LLC (Smithfield East Health

Holdings); and The Crossings at Steele Creek, which is operated by Queen City AL Holdings, LLC (Queen City AL Holdings). The plaintiffs are the representatives of then-current and former residents of Franklin Manor, who sue on behalf of themselves and other similarly situated residents of Saber's North Carolina assisted living facilities.

In their amended class action complaint filed in state court, the plaintiffs allege that the Saber defendants are alter egos of each other and, specifically, that Saber Holdings and its subsidiary Saber Healthcare Group, LLC (Saber Group), another Ohio company, "owne[d], operat[ed], manage[d], and/or exercis[ed] control over" the North Carolina assisted living facilities. J.A. 63. According to the plaintiffs, the defendants acted as a "single enterprise," J.A. 66, in order to understaff their facilities and provide substandard care.

The defendants removed the case to federal court under the Class Action Fairness Act of 2005 (CAFA), Pub. L. No. 109–2, 119 Stat. 4 (codified in scattered sections of Title 28, United States Code). The plaintiffs moved to remand, arguing that the defendants were bound by a forum-selection clause in the Assisted Living Residency Agreement (Agreement) that they signed with Franklin Manor. The district court granted the motion to remand, concluding that the forum-selection clause required the action to proceed in state court. The district court rejected the defendants' argument that only Franklin Manor was bound by the forum-selection clause, noting that the plaintiffs had alleged that all of the Saber defendants were alter egos and that Saber Holdings was the sole member in each entity.

On appeal, we vacated and remanded for further proceedings. *Bartels I*, 880 F.3d

4

at 671. We held that the plain language of Franklin Manor's forum-selection clause operated to waive removal to federal court. *Id.* at 674–77. Under CAFA, a single defendant can remove without the consent of the other defendants, *see* 28 U.S.C. § 1453(b), making removal to federal court proper if any non-signatory defendant was not bound by Franklin Manor's forum-selection clause, *Bartels I*, 880 F.3d at 674. Therefore, we went on to consider whether the other Saber defendants that were not parties to Franklin Manor's Agreement were also bound by the forum-selection clause. *Id.*

We concluded that the district court erred in this inquiry by considering only the plaintiffs' allegations regarding the forum-selection clause, rather than making findings of fact. *Id.* at 681–82. We explained that in the removal context, a forum-selection clause "essentially operates as an affirmative defense to removal—subject matter jurisdiction exists, but the forum-selection clause effects a waiver of the defendant's right to ask the court to exercise that jurisdiction." *Id.* at 681. Accordingly, "the plaintiff must bear the burden of demonstrating that the defendant waived its right to remove an otherwise removable case by agreeing to a forum selection clause." *Id.* Because the district court simply accepted the plaintiffs' allegations as true, we remanded with instructions for the district court to make factual findings regarding the enforceability of the forum-selection clause against the non-signatory defendants. *Id.* at 681–82.

On remand, and following limited discovery, the district court again granted the plaintiffs' motion to remand. It found that the forum-selection clause in Franklin Manor's Agreement was enforceable against all defendants. However, instead of treating the enforceability of this clause like an affirmative defense to be proven by a preponderance

5

of the evidence, the district court analogized the required inquiry to "the standard for challenging venue" on a motion to dismiss under Fed. R. Civ. P. 12(b)(3). J.A. 1122. Applying this standard, the district court required the plaintiffs to make only a *prima facie* showing that venue is proper in state court, and it viewed the facts in the light most favorable to the plaintiffs. Based on the plaintiffs' *prima facie* showing, the district court found that the defendants were alter egos of each other under North Carolina law. *See Glenn v. Wagner*, 329 S.E.2d 326, 330 (N.C. 1985). In addition, the district court found that the defendants' conduct "was sufficiently closely related to bind them all to the Franklin Manor forum-selection clause." J.A. 1127. This appeal followed.

## II.

Generally, we review *de novo* a district court's decision to remand a case to state court. *Quicken Loans Inc. v. Alig*, 737 F.3d 960, 964 (4th Cir. 2013). In this inquiry, "[w]e review the district court's factual findings with respect to jurisdiction for clear error and the legal conclusion that flows therefrom *de novo*." *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017) (quoting *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004)). Importantly, "if the trial court bases its findings upon a mistaken impression of applicable legal principles, the reviewing court is not bound by the clearly erroneous standard." *Raleigh Wake Citizens Ass'n v. Wake Cty. Bd. of Elections*, 827 F.3d 333, 340 (4th Cir. 2016) (quoting *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 855 n. 15 (1982)). Put another way, if the district court makes findings under the wrong legal

6

standard, we are not bound to review those findings for clear error.  *Id.*

III.

Applying this standard of review, we vacate and remand with instructions for the district court to make factual findings using the correct legal standard—preponderance of the evidence.  This disposition flows logically from our prior decision, where we stated that an enforceable forum-selection clause "operates as an affirmative defense to removal." *Bartels I*, 880 F.3d at 681.  Although we did not specify in *Bartels I* which evidentiary standard applies, we noted that a "party asserting an affirmative defense bears the burden of proving it." *Id.* (citing *Stonehenge Eng'g Corp. v. Employers Ins. of Wausau*, 201 F.3d 296, 302 (4th Cir. 2000)).  Further, we analogized the plaintiffs' burden of proof regarding the forum-selection clause to proving an exception to CAFA jurisdiction, which according to every circuit that has considered the issue, requires a preponderance of the evidence.  *Id.* (gathering cases).

The district court erred by holding the plaintiffs to a mere *prima facie* standard.  The *prima facie* standard, which our court has used to resolve issues of venue and jurisdiction, does not involve factual findings.  It uses the same "plausibility" analysis that governs Rule 12(b)(6) motions.  That is, the district court examines the plaintiff's allegations to determine whether they plausibly make out the plaintiff's legal theory.  *Sneha Media & Entm't, LLC v. Associated Broad. Co. P Ltd.*, 911 F.3d 192, 196–97 (4th Cir. 2018).  The record may be broader than is typical under Rule 12(b)(6):  both parties may supplement the pleadings with affidavits and declarations.  *Universal Leather, LLC v. Koro AR, S.A.*,

7

773 F.3d 553, 560 (4th Cir. 2014). Regardless, in applying the *prima facie* standard, the district court necessarily did not make findings of fact, but merely evaluated the issue before it as a matter of law. This analysis was inconsistent with our mandate in *Bartels I*.

Additionally, the *prima facie* analysis is only ever appropriate at a "preliminary stage" of the proceedings to evaluate whether the party with the burden may proceed. *Sneha*, 911 F.3d at 196–97. Even where a prima facie case exists, the court "can later revisit the jurisdictional [or venue] issue when a fuller record is presented because the plaintiff bears the burden." *Id.* at 197 (cleaned up). It would be inappropriate, based on a preliminary evaluation of disputed or unproven facts, to relieve a party of its burden of proof. And that was the effect of the district court's ruling: by remanding the case to state court, the court relieved the plaintiffs of ever having to prove their theory by a preponderance of the evidence.

On remand, the district court must make findings of fact and determine, based on a preponderance of the evidence, whether the non-signatory defendants are bound by the Franklin Manor Agreement's forum-selection clause. The district court must make separate factual findings with respect to each non-signatory defendant.[1]

Finally, the defendants urge us to conclude that, as a matter of law, the plaintiffs' evidence failed to meet the alter ego or closely-related tests.[2] We decline the invitation.

---

[1] While we need not decide the choice-of-law questions raised by the parties in order to resolve this appeal, on remand the district court should consider these questions anew.

[2] The defendants also argue that the plaintiffs waived their right to challenge a federal forum because plaintiff Edward Bartels, executor of the Estate of Jeanne E. Bartels, (Continued)

8

Our "usual rule" is that "when a district court fails to make findings of fact because of an erroneous view of the law . . . there should be a remand for further proceedings to permit the trial court to make the missing findings." *See Scott*, 865 F.3d at 194 (internal quotation marks omitted). We see no reason to depart from that rule here, especially given that the forum-selection clause issue involves "inherently factual" questions best suited for the district court to determine in the first instance. *Bartels I*, 880 F.3d at 681.

IV.

For these reasons, we vacate the judgment of district court and remand for further proceedings consistent with this opinion.

*VACATED AND REMANDED*

---

filed a separate personal injury lawsuit in Wake County, North Carolina. On remand, the district court may consider the defendants' argument and related evidence.