**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-1837

ANGELA IVEY THOMAS,

Plaintiff - Appellant,

v.

MARYLAND; GLADYS M. WEATHERSPOON; THOMAS W. HODGE; JOHN A. ANSELL; BROCK & SCOTT, PLLC,

Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge.  (8:24-cv-00980-PX)

Submitted:  October 23, 2024                    Decided:  December 13, 2024

Before KING and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Angela Ivey Thomas, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Angela Ivey Thomas seeks to appeal the district court's order granting Appellees' motion to remand an action to state court based on a defect in the removal proceedings. We dismiss the appeal for lack of jurisdiction.

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove any civil action brought in a state court over which a federal district court has original jurisdiction to the district court. A defendant removing an action to federal court must file a notice of removal in the district court "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading," or "within 30 days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever is shorter." 28 U.S.C. §1446(b)(1). After an action has been removed, a party may file a motion to remand the case to the state court based on lack of subject matter jurisdiction or a defect in the removal proceedings. 28 U.S.C. § 1447(c). "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," with certain exceptions not relevant here. 28 U.S.C. § 1447(d). However, § 1447(d) only bars appellate review of a remand order where the order was based on "a timely raised defect in removal procedure or on a lack of subject-matter jurisdiction." *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995).

Here, within 30 days of Thomas' notice of removal, Appellees sought remand to the state court in part because Thomas' notice of removal was untimely. The district court granted the motion to remand on that basis. Because the district court's order was based

2

on "a timely raised defect in the removal procedure," we lack jurisdiction to review the order under § 1447(d). *Bartels ex. rel Bartels v. Saber Healthcare Grp. LLC*, 880 F.3d 668, 673 (4th Cir. 2018).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*