Hugh B. ANDERSON et al.,
Plaintiffs-Appellees,

v.

UNITED STATES of America, Defend-
ant-Third-Party Plaintiff,

v.

Emile L. TURNER, Jr., Third-Party
Defendant-Appellant.

No. 74–2321.

United States Court of Appeals,
Fifth Circuit.

Oct. 10, 1975.

Thomas M. Young, New Orleans, La.,
for third-party defendant-appellant.

James E. Mouton, Lafayette, La., for
H. B. Anderson, and others.

Before BROWN, Chief Judge, and GODBOLD and CLARK, Circuit Judges.

CLARK, Circuit Judge:

Third party defendant Turner appeals from an order of a district judge in the Western District of Louisiana denying his motion for a preliminary injunction against further proceedings by plaintiffs Anderson in the third party portion of this action in that court. The basic suit began as claim against the United States for the refund of a $500.00 partial payment of withholding and FICA taxes incurred by a corporation but assessed to and paid by plaintiffs Anderson individually because they had served as officers of the corporation during the period when the taxes were incurred. The United States counterclaimed for the remainder of the deficiency assessment and the plaintiffs initiated a third party action against defendant Turner for indemnity against this asserted liability. The third party claim alleged that Turner, while serving as trustee in a proceeding in the Eastern District of Louisiana which adjudicated the corporation a bankrupt, had acted negligently and that such negligence resulted in a failure to obtain the discharge of the underlying corporate liability for the withholding and FICA taxes now claimed from plaintiffs as officers.

Turner contended that the claim against him was so related to the Eastern District's bankruptcy that the third party action in the Western District could not be maintained unless and until the plaintiffs received permission to proceed from the Bankruptcy Court in the Eastern District. In a bare bones order the Western District judge refused to enjoin the plaintiffs from proceeding before him on the ground that the third party claim was a negligence action within the ancillary jurisdiction of his court.

When the instant appeal was noticed, plaintiffs-appellees moved this court to dismiss on the ground that it had no jurisdiction to entertain an appeal from the Western District's order. This pre-liminary motion was denied by an administrative panel of this court in an unreported order. After consideration of the full record, briefs and oral argument, we have concluded that the motion was well taken, the refusal to enjoin is unappealable, our prior order must be vacated, and this proceeding must be dismissed for lack of jurisdiction.

■ The threshold question which the challenge to our jurisdiction raises is whether the district court's action is a refusal to enjoin, appealable under 28 U.S.C. § 1292(a)(1), or an order refusing a stay, which is not within our appellate jurisdiction unless it meets the particular limitations discussed below. Despite the fact that the motion was cast as seeking a preliminary injunction, we conclude it must be classified as a request for a stay. The Second Circuit had differentiated an injunction from a stay procedure in the following manner:

> The general principle is that where a court stays a proceeding on its *own docket,* that is not an injunction but merely a calendar order issued under the court's inherent power to regulate the administration of its own business. On the other hand, where a court stays a proceeding *in another court,* that stay is considered to be an injunction. *Penoro v. Rederi A/B Disa,* 376 F.2d 125, 128 (2d Cir. 1967).

The fact that the injunction would have formally issued against the appellees as opposed to directing the court to "enjoin itself" is an immaterial distinction. The Supreme Court has held that an injunction restraint addressed to a party rather than directly to a court is nevertheless an injunction against the court. *Oklahoma Packing Co. v. Oklahoma Gas & Electric Co.,* 309 U.S. 4, 9, 60 S.Ct. 215, 218, 84 L.Ed. 1034 (1940).

■ Viewing the order as a denial of a motion to stay, it is not appealable. It is not a final judgment and hence not appealable under 28 U.S.C. § 1291. *Baltimore Contractors, Inc. v. Bodinger,* 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233 (1955). Further, it is not appealable un-

der the only other statute which could confer jurisdiction on this Court, 28 U.S.C. § 1292(a)(1), unless it meets this Circuit's two-part test. "[A]n order staying or refusing to stay proceedings in the District Court is appealable under § 1292(a)(1) only if (A) the action in which the order was made is an action which, before the fusion of law and equity, was by its nature an action at law; *and* (B) the stay was sought to permit the prior determination of some equitable defense or counterclaim." *Wallace v. Norman Industries, Inc.,* 467 F.2d 824, 826–27 (5th Cir. 1972) *citing Jackson Brewing Co. v. Clarke,* 303 F.2d 844 (5th Cir.), *cert. denied,* 371 U.S. 891, 83 S.Ct. 190, 9 L.Ed.2d 124 (1962).

■ Applying part (A) of our rule to the case at bar, it is clear that the underlying negligence action is one at law. However, characterizing the trustee's defense as either predominantly "legal" or "equitable" is not so readily done. In applying part (B) we have held that if the stay is sought to await the outcome of a proceeding in another court, the court should look to the nature of the issues that were raised in that other proceeding to determine how to classify the defense. *Wallace v. Norman Industries, Inc.,* 467 F.2d 824, 827 (5th Cir. 1972).

In this case the defendant Turner seeks a stay pending a grant by the Bankruptcy Court of permission to proceed with an action at law. Turner contends this permission is a condition precedent to maintaining this third party action against him in the Western District. The Tenth Circuit, which follows our two-part rule, has classified a condition precedent defense as legal and consequently denied appellate jurisdiction of a related stay order. *Hart v. Orion Insurance Co.,* 427 F.2d 528 (10th Cir. 1970). In *Hart,* plaintiffs' claim was

based on an insurance policy which provided that a medical determination of disability was a condition precedent to payment. Since the condition precedent was part of the contract or agreement, the court decided that the "condition precedent defense contained in the answer establishes the issues as traditionally in the field of contract law." *Id.* at 530.

Here the subject matter is not contract law, but a bankruptcy question— the ambit of protection to be given Turner because he served under a statutory scheme for debtor relief. The condition precedent defense in this case is based on the contention that the permission of the appointing court is necessary before a former trustee may be sued for acts done in his official capacity as an officer of a court.[1] *See Leonard v. Vrooman,* 383 F.2d 556 (9th Cir. 1967); 2 Collier, Bankruptcy § 23.20 (14 ed. 1943). Before such permission is granted, the prospective plaintiffs must make out a prima facie case against the trustee. *In re National Molding Co.,* 230 F.2d 69, 71 (3d Cir. 1956). This court has held that while permission to prosecute an action against a trustee can involve discretion, such permission ordinarily should be granted unless it is clear that the claim is without foundation. *Dunscombe v. Loftin,* 154 F.2d 963, 966 (5th Cir.), *cert. denied,* 329 U.S. 722, 67 S.Ct. 65, 91 L.Ed. 626 (1946).

In the case at bar, the primary issue that would be raised by the request to the Eastern District for permission to proceed with the action at law against Turner would be whether the plaintiffs had proved that their claim was not "without foundation." This depends upon the purely legal question of whether a prima facie case of negligence has been made out. The Bankruptcy Court would not be asked to enjoin an action in

1. An exception to the rule requiring the appointing court's permission for leave to sue is contained in 28 U.S.C. § 959. The statute allows suits against an operating trustee without leave of court with respect to "acts or transactions in carrying on business connected with such property." The statute has no application to a nonoperating trustee, such as Turner was here, who did not continue the bankrupt's business. *See Vass v. Conron Bros. Co.,* 59 F.2d 969, 971 (2d Cir. 1932).

another forum because such action interferes with its jurisdiction. If that were this case, the claim would invoke substantial equitable considerations. Here, any discretionary or equitable elements which might be involved in passing on the request would be altogether subsidiary.

We therefore conclude that Turner's condition precedent defense is a legal one, and we are without jurisdiction to entertain this appeal.

Appeal dismissed.