**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 22-1059**

─────────────

MARTIN C. CONWAY; PESNER KAWAMATO CONWAY, P.C.,

>    Plaintiffs – Appellants,

>    v.

SMITH DEVELOPMENT, INC.,

>    Defendant – Appellee,

>    and

USBC-ALEXANDRIA (UNITED STATES BANKRUPTCY COURT),

>    Defendant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Liam O'Grady, Senior District Judge.  (1:21-cv-01055-LO-JFA)

─────────────

Argued:  December 8, 2022                          Decided:  April 4, 2023

─────────────

Before GREGORY, Chief Judge, and KING and RUSHING, Circuit Judges.

─────────────

Dismissed by published opinion.  Judge Rushing wrote the opinion, in which Chief Judge Gregory and Judge King joined.

─────────────

**ARGUED:**  Danny Mark Howell, LAW OFFICES OF DANNY M. HOWELL, PLLC, McLean, Virginia, for Appellants.  John Simon Lopatto, III, Washington, D.C., for Appellee.  **ON BRIEF:**  Jennifer L. Rowlett, LAW OFFICES OF DANNY M. HOWELL,

PLLC, McLean, Virginia, for Appellants.

RUSHING, Circuit Judge:

Attorney Martin Conway and his law firm, Pesner Kawamato Conway, P.C., (collectively, Conway) appeal the district court's order rejecting the bankruptcy court's report and recommendation to enjoin Smith Development, Inc.'s legal malpractice suit against Conway and to impose sanctions for violating the *Barton* doctrine and the automatic stay. Because the district court's decision rests on the abstention principles in 28 U.S.C. § 1334(c)(1), we lack subject-matter jurisdiction to review it. *See* 28 U.S.C. § 1334(d). Accordingly, we dismiss the appeal.

## I.

In *Barton v. Barbour*, 104 U.S. 126 (1881), the Supreme Court held that "before another court may obtain subject-matter jurisdiction over a suit filed against a receiver for acts committed in his official capacity, the plaintiff must obtain leave of the court that appointed the receiver." *McDaniel v. Blust*, 668 F.3d 153, 156 (4th Cir. 2012). The appointing court should "'ordinarily'" allow the lawsuit to proceed "'unless it is clear that the claim is without foundation.'" *Id.* at 156–157 n.1 (quoting *Anderson v. United States*, 520 F.2d 1027, 1029 (5th Cir. 1975)). We have extended the doctrine to suits against bankruptcy trustees and their attorneys. *Id.* at 157.

The present dispute arises against this legal backdrop. Smith Development built luxury residential housing before it fell on hard times during the 2008 housing crisis and then filed for bankruptcy in early 2009. Conway assisted the company in filing its Chapter 11 bankruptcy petition and represented it in the subsequent Chapter 11 proceedings. As the bankruptcy progressed, Smith Development initiated three adversary proceedings

3

against home buyers who had defaulted on contracts. While those actions were pending, the bankruptcy court converted the bankruptcy to a Chapter 7 case. Post-conversion, the Chapter 7 trustee retained Conway as special counsel to represent the trustee in the pending adversary actions. With the approval of the trustee and the bankruptcy court, Conway settled all three actions. In December 2011, the bankruptcy court approved the trustee's final report, and in September 2012, the bankruptcy court closed the case.

Nearly five years later, in April 2017, Smith Development sued Conway in the Alexandria Circuit Court in Virginia, alleging legal malpractice arising from Conway's representation of Smith Development during the Chapter 11 proceedings and representation of the trustee in the Chapter 7 proceedings. Smith Development later nonsuited the action. In April 2019, the company filed a new malpractice action in Alexandria Circuit Court, reprising many of the same theories as its earlier suit. It then moved in bankruptcy court for permission under *Barton* to proceed with the lawsuit. The bankruptcy court denied the request and Smith Development's motion to reconsider. Undeterred, Smith Development forged ahead and amended its state-court complaint, dropping the Chapter 11 allegations and alleging malpractice arising only from Conway purportedly representing Smith Development and the trustee simultaneously in the Chapter 7 proceedings. According to Smith Development, the conflict of interest arising from the alleged concurrent representation influenced Conway to settle the three adversary actions for far less than their actual value.

In January 2021, Conway moved to reopen Smith Development's bankruptcy case. Conway asked the bankruptcy court to enjoin Smith Development's pending malpractice

4

suit under *Barton* and to award Conway damages for the expenses it incurred defending against the malpractice suits. The bankruptcy court agreed with Conway, concluding that Smith Development's malpractice suit violated *Barton*, willfully violated the automatic stay, and warranted sanctions. But because Smith Development challenged the bankruptcy court's jurisdiction to decide Conway's motion, the bankruptcy court did not issue a ruling. Instead, it issued a report and recommendation with findings and conclusions to the district court. Smith Development did not object to the bankruptcy court's findings of fact but challenged its jurisdiction and disputed its legal conclusions.

The district court rejected the bankruptcy court's report and recommendation. It instead relied on 28 U.S.C. § 1334(c)(1) to abstain in favor of the state-court proceedings. The district court reasoned that the underlying malpractice suit involved purely state-law issues, Conway and his firm were potentially proper defendants in their capacity as counsel for Smith Development if a dual representation occurred, and the suit's outcome would not affect the bankruptcy estate. Moreover, the court reasoned that the resolution of claims and factual issues in the malpractice action would bear on whether *Barton* applied and whether the claims were the bankruptcy estate's property such that the suit violated the automatic stay. Based on these considerations, the court concluded that "comity and respect for the state courts[] clearly weigh[ed] in favor of abstention" and that the state court provided "an appropriate forum that can fully adjudicate the state law malpractice claim as a court of competent jurisdiction." *Conway v. Smith Dev., Inc.*, 637 B.R. 811, 819 (E.D. Va. 2021).

5

Conway timely appealed. Smith Development moved to dismiss the appeal, arguing that Conway was not a party in interest who could move to reopen Smith Development's bankruptcy case. We deferred ruling on the motion pending consideration of the merits. Now, with the benefit of briefing and argument, we hold that 28 U.S.C. § 1334(d) precludes us from exercising jurisdiction over Conway's appeal.

## II.

We have an independent obligation to ensure that we possess appellate jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998). Congress gave district courts "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). However, except in a Chapter 15 case, "nothing in [Section 1334] prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." *Id*. § 1334(c)(1). "Any decision to abstain or not to abstain" made by the district court under Section 1334(c)(1) "is not reviewable by appeal or otherwise by the court of appeals." *Id.* § 1334(d). Accordingly, when a district court abstains under Section 1334(c)(1), we "'lack jurisdiction to decide whether the district court's decision on permissive abstention was correct.'" *In re Lee*, 461 Fed. App. 227, 238 (4th Cir. 2012) (quoting *Baker v. Simpson*, 613 F.3d 346, 352 (2d Cir. 2010)).

The district court relied on Section 1334(c)(1) as the basis for its decision to reject the bankruptcy court's report and recommendation, to abstain from taking further action in the matter, and to order the bankruptcy court to do the same. Indeed, the court concluded

6

that "comity and respect for the state courts[] clearly weigh[ed] in favor of abstention" and that federal courts had "already interfered with ongoing state proceedings without considering the[se] important principles." *Conway*, 637 B.R. at 819. In the district court's view, the state court provided an appropriate forum to adjudicate Smith Development's legal malpractice claims and presumably develop the factual record the court found necessary to conclusively rule on Conway's arguments. Whatever the merits of the district court's reasoning, its abstention decision falls squarely within Section 1334(c)(1) and is thus "not reviewable by appeal." 28 U.S.C. § 1334(d).

Conway acknowledges the obstacle Section 1334(d) poses but offers several reasons why that provision does not apply. Before we address those arguments, we pause to observe that underlying Conway's arguments is an implicit request to recognize an exception to Section 1334(d) that would allow us to review a district court's permissive abstention decision when it exceeds the scope of the court's authority. Such an exception arguably exists; the Supreme Court has recognized a similar limitation on an analogous bar to appellate review in 28 U.S.C. § 1447(d), which limits review of certain orders remanding a case to the state court from which it was removed. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711–712 (1996); *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 351 (1976), *overruled on other grounds by Quackenbush*, 517 U.S. at 714–715; *see also In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006). Courts that recognize an exception have interpreted Section 1334(d) to "preclude appellate review of the reasoning contained in many remand orders" but not to "deprive appellate courts of jurisdiction to vacate a remand order issued in excess of a district court's statutory

7

authority." *Ill. Mun. Ret. Fund v. Citigroup, Inc.*, 391 F.3d 844, 849 (7th Cir. 2004) (describing 28 U.S.C. §§ 1334(d), 1452(b), and 1447(d)); *see Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, 796 F.3d 520, 524–526 (5th Cir. 2015); *In re Tri-Valley Distrib., Inc.*, 533 F.3d 1209, 1216–1217 (10th Cir. 2008).

We need not resolve this lurking question, however, because even if we were to recognize the exception to Section 1334(d) that Conway's arguments presuppose, it would not apply here, as the district court's order was well within its statutory authority. Smith Development's bankruptcy case proceeded under Chapters 7 and 11, so Section 1334(c)(1)'s carve-out for Chapter 15 cases is not implicated. *See Firefighters' Ret. Sys.*, 796 F.3d at 525. And the district court premised its abstention decision on grounds expressly authorized in Section 1334(c)(1) when it determined that "comity and respect for the state courts" warranted abstention. *Conway*, 637 B.R. at 819; *see* 28 U.S.C. § 1334(c)(1) (district court may abstain "in the interest of comity with State courts or respect for State law"). Reviewing the correctness of the district court's analysis on that score is the precise inquiry we lack jurisdiction to undertake. *See Lee*, 461 Fed. App. at 238.

In response, Conway primarily argues that a district court is without authority to abstain in favor of a state court that lacks subject-matter jurisdiction due to a *Barton* violation. This argument falters because it assumes a *Barton* violation occurred. Yet the district court abstained in part because it determined the record did not yet show that *Barton* "would categorically deny the [state] court jurisdiction." *Conway*, 637 B.R. at 816; *see McDaniel*, 668 F.3d at 156–157 n.1 (noting the suit should proceed "'unless it is clear that

8

the claim is without foundation'" (quoting *Anderson*, 520 F.2d at 1029)).  Conway's argument asks us to review the merits of the district court's *Barton* analysis, but on this record, doing so would be akin to reviewing the merits of the district court's abstention decision, which Section 1334(d) forbids.

Conway also suggests the district court had no authority to enter an abstention order because, under *Barton*, the district court itself lacked jurisdiction over Smith Development's malpractice claims.  This argument fares no better than the first.  *Barton* concerns subject-matter jurisdiction over a separate action, not jurisdiction over the proceedings in which a party seeks *Barton* protection in the first place.  And even if we accepted the argument's doubtful premise, it fails on its own logic because the bankruptcy court issued a report and recommendation to the district court, thereby authorizing the district court to rule on the matter.

Finally, Conway contends that if we dismiss this appeal for lack of jurisdiction, the parties will effectively be out of court.  *See Quackenbush*, 517 U.S. at 712–714; *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10 n.11 (1983).  While this argument may have merit as applied to other types of abstention, here "Congress has expressly limited appellate jurisdiction." *Tri-Valley Distrib.*, 533 F.3d at 1216 (reasoning Section 1334(d) supersedes ordinary application of the collateral-order doctrine).  And as discussed, even if we recognized a narrow exception to Section 1334(d)'s clear jurisdictional bar, the district court's order would not fall within it.

9

III.

Section 1334(d) precludes our review of Conway's appeal; therefore, we dismiss the appeal for lack of subject-matter jurisdiction.  Because we hold that Section 1334(d) controls, we need not address the separate arguments Smith Development raised in its motion to dismiss, which we dismiss as moot.

*DISMISSED*