**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-1339**

---

PETER D. PROTOPAPAS, as the Receiver for Payne & Keller Company on behalf of Payne and Keller Company,

　　　　　Plaintiff - Appellee,

　　v.

TRAVELERS CASUALTY AND SURETY COMPANY, f/k/a Aetna Casualty & Surety Company,

　　　　　Defendant - Appellant,

　　and

ZURICH AMERICAN INSURANCE COMPANY, CONTINENTAL INSURANCE COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; MEDMARC CASUALTY INSURANCE COMPANY; BERKSHIRE HATHAWAY SPECIALTY INSURANCE COMPANY, f/k/a Stonewall Insurance Company; LEXINGTON INSURANCE COMPANY; CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON AND VARIOUS LONDON MARKET COMPANIES; SOUTH CAROLINA PROPERTY AND CASUALTY INSURANCE GUARANTY ASSOCIATION; FIRST STATE INSURANCE COMPANY; BIRMINGHAM FIRE INSURANCE COMPANY,

　　　　　Defendants.

---

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Donald C. Coggins, Jr., District Judge.  (3:21-cv-04086-DCC)

---

Argued:  January 25, 2024　　　　　　　　　　Decided:  February 26, 2024

Before DIAZ, Chief Judge, and NIEMEYER and WYNN, Circuit Judges.

_____

Dismissed by published opinion.  Judge Niemeyer wrote the opinion, in which Chief Judge Diaz joined.  Judge Wynn wrote an opinion concurring in the judgment.

_____

**ARGUED:**  Harry Lee, STEPTOE LLP, Washington, D.C., for Appellant.  David B. Salmons, MORGAN LEWIS & BOCKIUS LLP, Washington, D.C., for Appellee.  **ON BRIEF:**  Kevin A. Hall, M. Todd Carroll, Columbia, South Carolina, M. Elizabeth O'Neill, WOMBLE BOND DICKINSON (US) LLP, Charlotte, North Carolina, for Appellant.  John B. White, Jr., Marghretta Hagood Shisko, JOHN B. WHITE, JR., P.A. LAW FIRM, Spartanburg, South Carolina; Jonathan McLean Robinson, Shanon N. Peake, SMITH ROBINSON HOLLER DUBOSE & MORGAN, LLC, Sumter, South Carolina; Bryan M. Killian, Amanda L. Salz, MORGAN, LEWIS & BOCKIUS LLP, Washington, D.C.; Brian Montgomery Barnwell, RIKARD & PROTOPAPAS, LLC, Columbia, South Carolina, for Appellee.

2

NIEMEYER, Circuit Judge:

Travelers Casualty and Surety Company, which had removed this case from state court to federal court, challenges the district court's order remanding it back to state court pursuant to 28 U.S.C. § 1447(c).

A South Carolina court-appointed receiver brought this action against Travelers and other insurers on behalf of a defunct company within a state receivership, alleging breaches of insurance policies issued to the company, and Travelers removed the action to federal court under 28 U.S.C. § 1441(a), based on diversity jurisdiction under 28 U.S.C. § 1332. The district court, however, granted the receiver's motion to remand, holding (1) that even though Travelers invoked diversity jurisdiction under §1332, the court nonetheless lacked subject-matter jurisdiction under the doctrine articulated in *Barton v. Barbour*, 104 U.S. 126 (1881), because the case involved the property of a state receivership that was in the exclusive jurisdiction of the state court, and (2) that the removal lacked unanimous consent of the defendants because a forum selection clause in insurance policies issued to the defunct company by some of the defendants rendered their consent invalid and thus they could not join in or consent to removal, as required by 28 U.S.C. § 1446(b)(2)(A).

Because the district court's conclusions in support of remand were at least *colorably* supported, we dismiss this appeal under § 1447(d), which provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal." *See Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 234 (2007) (holding that a removal order is not reviewable if the district court "relied upon a ground that is colorably characterized" as a lack of subject-matter jurisdiction); *see also Harvey v.*

3

*UTE Indian Tribe of the Uintah & Ouray Rsrv.*, 797 F.3d 800, 805 (10th Cir. 2015) (holding that the court "will not review the district court's remand order if it can be colorably characterized as grounded" in a procedural defect).

I

The Court of Common Pleas in Richland County, South Carolina, invoking its equity powers granted by South Carolina Code § 15-65-10(4), created a receivership over the South Carolina assets of Payne & Keller Company, a Texas corporation, as well as related entities, after Payne & Keller had become defunct. Before the receivership, Payne & Keller had been engaged in manufacturing and construction and was facing personal injury claims by or on behalf of individuals exposed to asbestos in its products. The state court appointed Peter D. Protopapas as the receiver of Payne & Keller and directed him to collect all of Payne & Keller's assets and protect them, subject to order of the court. Among other things, the court directed Protopapas "to administer any insurance assets of Payne & Keller as well as any claims related to the actions or failure to act of Payne & Keller's insurance carriers" and "to investigate the existence of all insurance coverages potentially available to the company in receivership." Under South Carolina law, Protopapas as a receiver was "an executive officer of the court, to administer the assets of the estate under the direction of the court." *In re Fifty-Four First Mortg. Bonds*, 15 S.C. 304, 314 (1881) (quoting *Gadsden v. Whaley*, 14 S.C. 210, 215 (1880)). He thus held possession of Payne & Keller's assets as an "arm of the court." *In re Am. Slicing Mach. Co.*, 118 S.E. 303, 304 (S.C. 1923).

4

Acting under the authority and control of the South Carolina court, Protopapas, as receiver, commenced an action on behalf of Payne & Keller in state court against several insurance companies, including Travelers, for coverage of the personal injury claims pending against Payne & Keller. Travelers removed the receiver's action to federal court under 28 U.S.C. § 1441(a), asserting diversity jurisdiction under 28 U.S.C. § 1332. In doing so, it obtained consents to removal from all other defendant insurance companies, except one, which the district court later found to be fraudulently joined to defeat removal jurisdiction. Therefore, it appeared that the defendants had unanimously consented to removal, as required by 28 U.S.C. § 1446(b)(2)(A).

Protopapas filed a motion in the district court to remand the case to state court arguing (1) that a forum selection clause in some of the defendants' insurance policies issued to Payne & Keller prevented those companies from consenting to removal, thus defeating the unanimous consent required, and (2) that the federal court did not have subject-matter jurisdiction over the state receivership under the *Barton* doctrine.

The magistrate judge, to whom the case was initially referred, recommended granting Protopapas's motion and remanding on the basis that not all of the defendants had consented to the removal. As to the argument under the *Barton* doctrine, she expressed skepticism over whether the doctrine was indeed a matter of subject-matter jurisdiction, suggesting that it was instead a prudential limit based on abstention principles.

The district court affirmed the magistrate judge's recommendation to remand, but it did not affirm all of the magistrate judge's reasoning. First, the district court concluded that the *Barton* doctrine did indeed preclude removal to federal court because the doctrine

5

"act[ed] as a limitation on *federal jurisdiction* when a state court ha[d] previously exercised its authority by appointing a receiver to handle the administration of property." (Emphasis added). The court explained that "to allow this matter to continue in federal court would directly interfere with the exclusive jurisdiction of the receivership court over this dispute." In addition to relying on the *Barton* decision itself, the court also relied on *Porter v. Sabin*, explaining that "it is in the appointing court's discretion 'to decide whether it will determine for itself all claims of or against the receiver, or will allow them to be litigated elsewhere' and that the appointing court 'may direct claims in favor of the corporation to be sued on by the receiver in other tribunals, or may leave him to adjust and settle them without suit.'" (Quoting 149 U.S. 473, 479 (1893)).

Second, the district court agreed with the magistrate judge that the forum selection clause in some of the insurance companies' policies issued to Payne & Keller precluded them from validly consenting to removal such that the removal was not procedurally compliant with § 1446(b)(2)(A). The court noted that language very similar to that in the clauses before it "ha[d] been widely litigated across this Circuit, with courts consistently finding the clause acts as a waiver of an insurer's right to remove a case from the forum selected by the plaintiff," citing four decisions from courts in the Fourth Circuit, as well as three from outside the Circuit.

From the district court's remand order dated February 24, 2023, Travelers filed this appeal, challenging the correctness of both of the district court's rulings. Protopapas filed a motion to dismiss the appeal for lack of appellate jurisdiction under 28 U.S.C. § 1447(d), which provides that remand orders are "not reviewable on appeal."

6

II

Because Protopapas's motion to dismiss this appeal is based on his claim that we lack appellate jurisdiction, we address that motion first.

Protopapas contends, for the first of his two arguments, that his claims against the insurers are assets within the exclusive jurisdiction of the state-receivership court held by the receiver as an arm of that court, citing *Barton v. Barbour* and *Porter v. Sabin*. He notes that the basis for the *Barton* doctrine is that "federal courts have no jurisdiction over property managed by a court-appointed receiver because the property is subject to the exclusive jurisdiction of the receivership court for whom the receiver acts," citing *Davis v. Gray*, 83 U.S. (16 Wall.) 203, 217–19 (1872); *Wiswall v. Sampson*, 55 U.S. (14 How.) 52, 65–66 (1852). And he adds that we have previously recognized that the doctrine is jurisdictional. *See Conway v. Smith Dev., Inc.*, 64 F.4th 540, 545 (4th Cir. 2023) (noting that "*Barton* concerns *subject-matter jurisdiction*" (emphasis added)); *McDaniel v. Blust*, 668 F.3d 153, 156 (4th Cir. 2012) (noting that the "Supreme Court established in *Barton* that before another court may obtain *subject-matter jurisdiction* over a suit filed against a receiver for acts committed in his official capacity, the plaintiff must obtain leave of the court that appointed the receiver" (emphasis added)).

Travelers contends that Protopapas's understanding of *Barton* is too expansive, arguing that the doctrine applies only to actions filed *against a state-appointed receiver*. It notes that *Barton* itself set forth that limitation, recognizing the "general rule that before suit is brought *against a receiver*[,] leave of the court by which he was appointed must be

7

obtained." *Barton*, 104 U.S. at 128 (emphasis added). In the case before us, of course, the receiver commenced the action.

Section 1447(d) places "broad restrictions," *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995), on the jurisdiction of courts of appeals to review remand orders. In enacting this limitation, Congress prioritized finality and efficiency at the expense of absolute accuracy, implying a certain level of fungibility of federal and state courts. Specifically, the statute provides broadly that, with some exceptions not applicable here, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). But the Supreme Court has held that the provision is not to be read without limitation. Rather, it explained, the provision "must be read *in pari materia* with § 1447(c), so that only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)." *Things Remembered,* 516 U.S. at 127 (citing *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345–46 (1976)). Thus, § 1447(d) bars appellate court review of remand orders when they are based on "(1) a district court's lack of subject matter jurisdiction or (2) a defect in removal 'other than lack of subject matter jurisdiction' that was raised by the motion of a party within 30 days after the notice of removal was filed." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008).

When a statute *bars* appellate review of remand orders — thus defining appellate jurisdiction — it arguably prohibits the appellate court from reviewing even whether the district court was correct in the substance of the order. Thus, we have noted that the § 1447(d) bar stands even when the appellate court believes that the district court's order

8

may have been "erroneous." *Ellenburg*, 519 F.3d at 196 (cleaned up). And Justice Kennedy has observed similarly, noting that courts adhere to this limited review even if it might be "troubling" to allow an erroneous decision to remain untouched; § 1447(d) "leave[s] us no other choice." *Powerex*, 551 U.S. at 239 (Kennedy, J., concurring). Indeed, as the Supreme Court has noted, it might be enough for the appellate court to deny review simply when the district court "*purport[s]* to remand" for a lack of subject-matter jurisdiction by labeling that such is the ground. *Id.* at 232–33 (emphasis added). But because the lack of subject-matter jurisdiction still has to be a basis for a district court's remand order and the appellate court has to be able to so verify when declining to review it, the appellate court should take a peek at the district court's ruling to confirm that fact. In doing so, however, it "should be limited to confirming that [the district court's] characterization was *colorable*," *id.* at 234 (emphasis added), i.e., that a lack of subject-matter jurisdiction was a "*plausible* explanation of what legal ground the District Court actually relied upon for its remand," *id.* at 233. The *Powerex* Court explained, "Lengthy appellate disputes about whether an arguable jurisdictional ground invoked by the district court was properly such would frustrate the purpose of § 1447(d) . . . ." *Id.* at 234. Thus, it held that "when . . . the District Court relied upon a ground that is *colorably* characterized as subject-matter jurisdiction, appellate review is barred by § 1447(d)." *Id.* (emphasis added).

With that standard in hand, we take a brief peek at the district court's reasoning to satisfy ourselves that a lack of subject-matter jurisdiction was a colorable or plausible explanation of the legal ground on which the court actually relied for remand.

9

To start, the district court *purported* to rely on a lack of subject-matter jurisdiction in remanding this case, announcing that that was the ground on which it was relying. That alone might satisfy § 1447(d) because without jurisdiction, we have no power to review more. Indeed, some of the Justices in *Powerex* would bar review simply on the district court's announcement — i.e., that it "*purported* to remand for lack of subject-matter jurisdiction." *Powerex*, 551 U.S. at 233 (emphasis added). But the actual holding of *Powerex* demands a greater level of review, presumably on the basis that a court can address what is necessary for it to determine its own jurisdiction. The *Powerex* Court thus held that we must determine whether the district court's explanation was "colorable" or "plausible," but we should not review the substance of the explanation to determine whether it was, in fact or in law, correct.

In taking that peek in this case, we note that the district court's explanation for relying on a lack of subject-matter jurisdiction to justify remand was as follows:

> Here, the receivership court has appointed a receiver who is attempting to preserve and collect assets of the defunct corporation as part of his fiduciary duty. This Court finds that *Barton*, and its subsequent application in *Porter*, act as a *limitation on federal jurisdiction* when a state court has previously exercised its authority by appointing a receiver to handle the administration of property; to allow this matter to continue in federal court would directly interfere with *the exclusive jurisdiction of the receivership court* over this dispute.

(Emphasis added).

On its face, this seems like a plausible characterization of subject-matter jurisdiction. Mindful that a lengthy discussion over the merits of the district court's finding is neither appropriate nor necessary, *see Powerex*, 551 U.S. at 234, we do, however, take a

10

quick look at *Barton* to confirm that the district court's characterization of and reliance on it as involving subject-matter jurisdiction was indeed colorable.

In *Barton*, Frances Barton was injured while riding as a passenger on a train owned by a railroad that had been placed in a state receivership. Barton sued the state-appointed receiver in federal court, seeking $5,000 in damages for the railroad's negligence. The receiver challenged the federal court's jurisdiction, arguing that he was subject exclusively to the state-receivership court and that he could not be sued without leave of the receivership court. *Barton*, 104 U.S. at 127–31. The lower federal court agreed, and the Supreme Court affirmed. It stated that the suit "brought without leave to recover judgment against a receiver for a money demand, [was] virtually a suit the purpose of which [was], and effect of which [would] be, to take the property of the trust from his hands and apply it to the payment of the plaintiff's claim." *Id.* at 129. This was because, as the Court explained, the suit was against the defendant "in his capacity as receiver, and the execution [of a judgment] would run against the property in his hands as such." *Id.* at 128. The Court noted that it was "immaterial whether the suit [was] brought against [the receiver] to recover specific property or to obtain judgment for money demand. In either case leave should be first obtained [from the receivership court]." *Id.* at 129. The Court accordingly held, "Upon these facts[,] we are of opinion that [the federal court] had no jurisdiction to entertain a suit." *Id.* at 131 (citing *Peale v. Phipps*, 55 U.S. (14 How.) 368, 374 (1852) (holding in similar circumstances to those before us, "[w]e see no ground upon which *the jurisdiction* of the court can be sustained" (emphasis added))).

11

The similarities between *Barton* and the instant case convince us that its holding is at least arguably applicable here, despite Travelers' protestations to the contrary. For instance, Travelers argues that notwithstanding *Barton*, this is simply a common law breach of contract case for which neither Travelers nor Barton would need permission from the receivership court. But the Supreme Court in *Barton* rejected such an argument; the Court specifically dismissed Barton's argument that she was injured in tort and therefore could bring suit for injuries "without leave of the court by which [the receiver] was appointed." 104 U.S. at 130–31.

Travelers also argues that *Barton* is applicable only to suits brought *against* the receiver, but *Barton* also rejects that notion. *Barton* found a lack of jurisdiction because the claims and property were the subject of the state receivership and could not be adjusted in federal court without the receivership court's approval. As the *Barton* Court explained, the plaintiff's judgment "would be against the defendant in his capacity as receiver, and the execution would run against the property in his hands as such." 104 U.S. at 128. And *Porter v. Sabin*, a later case applying *Barton*, confirmed that the doctrine applies to *both suits by and against* the receiver because, when a state court appoints a receiver, "the court assumes the administration of the estate" and "[t]he possession of the receiver is the possession of the court." 149 U.S. at 479; *cf. Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006) (recognizing the "general principle that, when one court is exercising *in rem* jurisdiction of a *res*, a second court will not assume *in rem* jurisdiction over the same *res*" and articulating that the "probate exception" to federal jurisdiction "precludes federal

12

courts from endeavoring to dispose of property that is in the custody of a state probate court").

Thus, when applying the *Barton* doctrine, the district court plausibly concluded that a federal court lacks jurisdiction over a state receivership or a state-court appointed receiver with respect to assets of the receivership because the state court has exclusive jurisdiction over the assets of the receivership.  Exercising federal jurisdiction over a suit by or against a state-appointed receiver, who functions as an "arm" or "executive" of the state-receivership court, would infringe on the state court's control over the receivership assets — its exclusive jurisdiction.  Thus, as a matter of comity, as well as custom, the *Barton* doctrine rests on this exclusivity of the state receivership over the assets before it as a matter of jurisdiction, and indeed we have confirmed as much.  *See, e.g.*, *Conway*, 64 F.4th at 545 (noting that "*Barton* concerns subject-matter jurisdiction"); *McDaniel*, 668 F.3d at 156 (noting that "[t]he Supreme Court established in *Barton* that before another court may obtain subject-matter jurisdiction over a suit filed against a receiver for acts committed in his official capacity, the plaintiff must obtain leave of the court that appointed the receiver").

In these circumstances, our quick look confirms that the district court's characterization of its remand as relying on a lack of subject-matter jurisdiction was colorably supported, thus barring our review by reason of § 1447(d).

13

III

For the avoidance of doubt, we also address Protopapas's second argument that the district court's conclusion in its remand order that a procedural defect precluded removal was also colorably supported and thus also bars our review. Specifically, Protopapas contends that, while all defendants signed documents consenting to removal, the forum selection clause in the insurance policy issued to Payne & Keller by at least one defendant prevented that defendant from validly consenting to removal, thus denying Travelers the ability to satisfy the requirement that removal be unanimous. *See* 28 U.S.C. § 1446(b)(2)(A). The forum selection clause at issue provides:

> It is agreed that in the event of the failure of the company hereon to pay any amount claimed to be due hereunder, the company hereon, at the request of the insured, *will submit to the jurisdiction of any court of competent jurisdiction* within the United States of America and will comply with all requirements necessary to give such court jurisdiction *and all matters arising hereunder shall be determined in accordance with the law and practice of such court.*

(Emphasis added).

The district court concluded that this clause barred at least one insurer from consenting to removal to federal court. As it explained, it was remanding the case to state court because, "[g]iven the waiver [contained in the forum selection clause], and thus the inability to obtain valid consent from all defendants, *Defendants have not adequately demonstrated they meet the requirement under* § 1446(b)(2)(A) that all properly joined and served Defendants must join in or consent to the removal of the action." (Emphasis added).

14

Because the district court purported to rely on a procedural defect, our review, again, is limited to whether that characterization is colorable. *See Powerex*, 551 U.S. at 234; *see also Harvey*, 797 F.3d at 805.

Travelers contends that it is not because we routinely review on appeal forum selection clauses. *See, e.g.*, *Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 673 (4th Cir. 2018); *FindWhere Holdings, Inc. v. Sys. Env't Optimization, LLC*, 626 F.3d 752, 755 (4th Cir. 2010). But in both *Bartels* and *FindWhere Holdings*, the district court's decision was based on a contractual application of where the forum selection clause at issue required the suit to be brought and *not* whether those clauses had any bearing on a defendant's ability to comply with the requirements for removal to federal court. *See Bartels*, 880 F.3d at 672–73 (noting that the district court concluded that the contract required bringing the suit in state court because "the forum-selection clause required the action to proceed in Franklin County" and there was no "federal courthouse in Franklin County"); *FindWhere Holdings*, 626 F.3d at 754 (noting the district court remanded because it interpreted the language of the forum selection clause that suits must be brought "exclusively in, or be transferred to, the courts of the State of Virginia" to mean state courts in Virginia).

Instead, the issue before us is more like that addressed in *Overlook Gardens Properties, LLC v. ORIX USA, L.P.*, 927 F.3d 1194 (11th Cir. 2019). There, the plaintiff's loan agreement included a forum selection clause, which, the district court held, precluded removal because the lender "could not validly consent to the removal of this action, so the unanimity requirement [was] not met." *Id.* at 1197 (cleaned up). On appeal from the district court's remand order, the Eleventh Circuit held that it lacked jurisdiction under

15

§ 1447(d) to review the order. It distinguished its review of an order enforcing a forum selection clause from an order remanding for a lack of unanimous consent because of the effect of the forum selection clause and concluded that only the latter reflected a defect in removal. "While a remand based on interpretation and enforcement of a valid forum selection clause is neither a defect in removal process nor a jurisdictional flaw, a lack of unanimous consent to removal is a defect in the removal process." *Id.* at 1198 (cleaned up). Because the district court's remand order here was similarly based on the effect that a forum selection clause had on the defendants' ability to comply with a procedural requirement for removal, we find *Overlook Gardens* more relevant to the issue here than the cases cited by Travelers.

In short, the district court concluded that because at least one insurer agreed to litigate coverage wherever the claimant chose and the claimant chose a state court in South Carolina, the insurer was barred thereafter from consenting to a federal forum. Under the applicable standard for review of that issue, we conclude that the district court's characterization of a procedural defect in these circumstances was at least colorable, inasmuch as unanimous consent to removal was required by § 1446(b)(2)(A). Thus, any further analysis and review would not be appropriate.

*        *        *

For the reasons given, we conclude that we lack jurisdiction to review the district court's remand order under § 1447(d) and accordingly dismiss this appeal.

DISMISSED

16

WYNN, Circuit Judge, concurring in the judgment:

I concur in holding that, because the district court based its remand order on the *Barton* doctrine and colorably described the *Barton* doctrine as a mandatory limit on its subject matter jurisdiction, the appeal must be dismissed. But today, my good colleagues in the majority choose to go well beyond what is needed to resolve this appeal. By addressing unnecessary issues, they contravene a clear directive from our Supreme Court not to do so.

We lack jurisdiction to review a remand order if the district court's basis for remand "is colorably characterized" as a lack of subject-matter jurisdiction or a procedural defect in removal, and the bar for whether the district court's description of its basis for remand is "colorable" is exceedingly low. *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 234 (2007). Thus, quite clearly, the Supreme Court has directed that our analysis of whether a district court's basis for remand is colorable should be extremely brief. In other words, we may not delve into whether the district court's application of the basis for remand was "erroneous." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008) (quoting *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 351 (1976), *abrogated on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996)). And we should not endeavor to resolve any open questions beyond what is necessary to determine whether a remand order is colorably based on a lack of subject matter jurisdiction or a procedural defect in removal.

Our precedent offers a simple resolution to this case. In *McDaniel v. Blust*, we stated that "[t]he Supreme Court established in *Barton* that before another court may obtain

17

subject-matter jurisdiction over a suit filed against a receiver for acts committed in his official capacity, the plaintiff *must* obtain leave of the court that appointed the receiver." *McDaniel v. Blust*, 668 F.3d 153, 156 (4th Cir. 2012) (emphasis added). We were not asked to decide in *McDaniel* whether the *Barton* doctrine is based on abstention or imposes a mandatory limit on subject-matter jurisdiction. But our reference to the steps a party "must" take before we can exercise subject matter jurisdiction provides, at a minimum, a colorable basis on which the district court could conclude that the *Barton* doctrine imposed a mandatory limitation on its subject matter jurisdiction. Because State Farm cites no case explicitly contradicting that description, and we are not permitted to examine whether the district court's conclusion was erroneous, our analysis can start and end with *McDaniel*.

Unfortunately, the majority opinion chooses to say more than is needed to resolve this appeal in the manner which the Supreme Court has directed.

First, the majority opinion issues an unnecessary, and I would say advisory, proclamation that the *Barton* doctrine applies to cases brought both against *and* by a receiver. Majority Op. at 12. Classically, the *Barton* doctrine applies in "a suit filed *against* a receiver[.]" *McDaniel*, 668 F.3d at 156 (emphasis added). While the main justification for the *Barton* doctrine—protecting the estate's property—could support extending the doctrine to suits brought *by* a receiver, no case has held that the doctrine extends that far. True, in *Porter v. Sabin*, the Supreme Court stated that the *Barton* doctrine applies to "claims of or against" a receiver. *Porter v. Sabin*, 149 U.S. 473, 479 (1893). But that statement was dicta, and, throughout the rest of the opinion, the Supreme Court referred only to claims against a receiver. More importantly, as the magistrate judge recognized,

18

the complete dearth of decisions applying the *Barton* doctrine to cases brought by a receiver weighs against extending the doctrine.[*] *See Protopapas v. Zurich Am. Ins. Co.*, No. CV 3:21-4086-DCC, 2022 WL 17668402, at *5 (D.S.C. Oct. 20, 2022) ("[N]o precedential authority has actually applied the *Barton* doctrine to foreclose claims brought by a receiver in pursuit of his official duties to affirmatively collect potential assets for an insolvent corporation."). And the majority opinion's conclusion that the *Barton* doctrine applies to cases brought by a receiver goes to whether the district court erred in its application of the *Barton* doctrine, *not* to whether it colorably described the *Barton* doctrine as imposing a mandatory limitation on subject matter jurisdiction. Because the issue is unresolved and unnecessary to our conclusion, it should not be reached.

Second, in Part III of its opinion, the majority unnecessarily, and again in my opinion, advisorily, addresses an alternative basis for the district court's remand order. *Either* a lack of subject matter jurisdiction or a procedural defect in removal can justify remand. 28 U.S.C. § 1447(c). Here, the district court ordered remand based on both a lack of subject matter jurisdiction and a procedural defect in removal. *See Protopapas v. Zurich Am. Ins. Co.*, No. 3:21-CV-04086-DCC, 2023 WL 2206640, at *3 (D.S.C. Feb. 24, 2023). The majority addresses both bases for the district court's decision. To be sure, we may sometimes issue alternative holdings. *See Gestamp S.C., LLC v. NLRB*, 769 F.3d 254, 262 n.4 (4th Cir. 2014). But it makes no sense to do so when the first holding in a decision is

---

[*] In opposing the majority opinion's decision to address this issue, I express no opinion about the ultimate question of whether the *Barton* doctrine applies only to suits brought against a receiver or if it also extends to suits brought by a receiver.

that we lack jurisdiction. Because we have already decided that we lack jurisdiction based on the district court's application of the *Barton* doctrine, the portion of the majority opinion addressing the alleged procedural defect has no importance for its resolution of the case. To comply with the well-established principle against issuing "advisory opinions," *Flast v. Cohen*, 392 U.S. 83, 96 (1968), we should decline to express a viewpoint where none is needed.

In appeals like this one, Congress has sought to keep our review to a minimum. I suggest that future panels carefully heed that directive. Because the majority opinion in this case does not, I concur only in the judgment.